IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                       CRIMINAL:15-434 (GAG)

ROLANDO ANTONIO MALDONADO-COLÓN,

Defendant.

**REPORT AND RECOMMENDATION
RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.   Procedural Background**

On July 8, 2015, a grand jury returned an indictment against Rolando Antonio Maldonado-Colón (hereinafter referred to as "defendant"). ECF No. 13. Defendant has agreed to plead guilty to counts one and two of the indictment. Count one charges that on or about June, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant knowingly and intentionally combined, conspired, confederated, and agreed with other persons, known and unknown, to commit an offense against the United States, that is: to posses with the intent to distribute five hundred (500) grams (gross weight) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Count two charges that on or about June 23, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant knowingly and intentionally possessed with intent to distribute five hundred (500) grams (gross weight) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug controlled substance, all in violation of Title 21, United States Code Sections 841(a)(1).

**II.   Consent to Proceed Before a Magistrate Judge**

On July 6, 2016, while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to counts one and two of the indictment. In open court the defendant was

questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to counts one and two of the indictment.

### III.     Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A. Rule 11 Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:   1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

#### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.      To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.      To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.      To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted of counts one and two of the indictment, he is exposed to the following penalties as to each count: a term of imprisonment of not less than five (5) years and not more than forty (40) years, a fine not to exceed five million dollars ($5,000,000), and a term of supervised release of at least four (4) years but not more than life.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

4

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Basis in Fact**

There is a basis in fact as to every element of the offenses charged because in open court the defendant admitted as true the following proffer of the evidence given by the government:

On June 23, 2015, Drug Enforcement Administration ("DEA") agents received information about an individual that would be traveling to New York on Delta flight 348 which would be departing from the Luis Muñoz Marín International Airport in Puerto Rico at approximately 8:05 p.m. The agents received information that this person would be carrying narcotics in his suitcase. They also received a full description of the individual, including how this individual would be dressed. Pursuant to said information, the DEA set up surveillance at the Delta ticket counter. At approximately 6:50 p.m., an individual matching the description provided approached the ticket counter to check in a piece of luggage. This individual turned out to be the defendant. Agents approached the defendant and asked to see his identification. The defendant provided an expired Puerto Rico driver's license under the name of Rolando Antonio Maldonado Colón. The agents then asked the defendant where he was traveling to. The defendant responded that he was traveling to Washington, D.C., even though he was checking in for a flight destined to New York city. Agents asked the defendant about his suitcase, and the defendant replied that the suitcase was given to him by his grandfather and that he only placed his clothes inside. When asked the question again about the suitcase, the defendant changed his story and stated that somebody gave him the suitcase prepacked. The defendant refused to open the suitcase, but consented to a canine conducting an external examination of the suitcase. The defendant indicated that if the results were positive for the detection of controlled substances, he would then have no objection to the suitcase being opened by the agents.

5

The agents summoned for a canine to appear. While awaiting the arrival of the canine, the defendant admitted that due to his precarious economic situation, someone offered him money to check-in the suitcase and that this was the extent of his involvement. He further said that his job was to deliver the suitcase to the airport. The defendant then agreed to accompany the agents to their offices located at the airport. Once at the office, a canine conducted an external examination of the suitcase and the canine alerted positive to presence of the scent of narcotics in defendant's suitcase.

The defendant was advised of the Miranda warnings and provided written consent for the agents to open and search his suitcase. Upon inspection, agents found a brick-shaped object inside a shirt which weighed approximately 1.6 kilograms of cocaine. After the defendant's arrest, the brick-shaped object was sent to the DEA laboratory for analysis and the results indicated that the substance inside that brick-shaped object which was found inside the defendant's suitcase was indeed cocaine with a net weight of 1,497 grams.

At trial, the government would have proven that the defendant knew that the cocaine was inside the suitcase and that he conspired with at least one other person to deliver said suitcase to New York city for distribution.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**IV.  Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to counts one and two of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an

6

intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 12st day of August, 2016.

                                                   s/Marcos E. López
                                                   U.S. Magistrate Judge